UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUSAN FINLEY Individually and on behalf of Robert Finley, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | No. 1:11-cv-01390-DML-RLY |
| MEMORIAL HOSPITAL OF SOUTH BEND, INC., DAVID HALPERIN, M.D., SOUTH BEND EMERGENCY PHYSICIANS, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## Order Denying Motion to Transfer Case (Dkt. 185)

This medical malpractice action was brought in this district court on October 17, 2011, by Susan Finley, a Michigan citizen, against Christopher Evanson, M.D. and Meridian Surgical Group, Inc. (citizens of Indiana located in Carmel, Indiana, which is in the Southern District of Indiana), and against David Halperin, M.D. and South Bend Emergency Physicians, Inc. ("Emergency Physicians") (citizens of Indiana located in South Bend, Indiana, which is in the Northern District of Indiana). The case is set for jury trial to begin on March 3, 2014. On February 18, 2014 (the day of the final pretrial conference), the plaintiff moved to dismiss defendants Evanson and Meridian Surgical Group.[1] A few days later, defendants Halperin and Emergency Physicians moved to transfer this case to the Northern District of Indiana, citing two alternate bases. First, they maintain that because no

---

[1] The court granted the motion on February 25, 2014.

remaining defendant is located in the Southern District of Indiana, venue is now improper under 28 U.S.C. § 1391(b) and the case must therefore be transferred to the Northern District as provided by 28 U.S.C. § 1406(a). If the court does not accept that argument, they urge it nevertheless to transfer the case to the Northern District under 28 U.S.C. § 1404(a). The court DENIES the motion.

**<u>Transfer based on improper venue is not appropriate.</u>**

Dr. Halperin and Emergency Physicians do not dispute that this action was properly brought in the Southern District of Indiana under section 1391(b)(1), which provides for venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Rather, their motion to transfer is premised on the contention that an action properly venued at its inception must be transferred—no matter how advanced the action—if the defendants who "reside" in the forum district are no longer defendants in the case. But they cite no authority for this proposition, and the court has located none.

Furthermore, section 1391(b) speaks to the district in which a "civil action may be *brought*"; it does not address where an action may be maintained. Nor does it address jurisdiction or the court's power or authority to hear a dispute. *See* 28 U.S.C. § 1390(a). 28 U.S.C. § 1406(a), the statute these defendants cite as the vehicle for transfer for improper venue, also supports this textual analysis. It says that a case "which *is filed* . . . laying venue in the wrong . . . district" may—in lieu of dismissal—be transferred to any district in which it could have been brought. The conclusion that section 1391(b) focuses where an action can be *filed* is further

2

buttressed by its consistency with Fed.R.Civ.P. 12(h), which says that the defense of improper venue is waived unless raised by responsive pleading or in a Rule 12 motion, events that by definition occur at the beginning of the case.

The two decisions cited by Dr. Halperin and Emergency Physicians are not persuasive. Both *Smith v. Thompson*, 685 F.Supp. 177 (N.D. Ill. 1988), and *Maxey v. Illinois Department of Corrections*, 1992 WL 133199 (N.D. Ill. June 11, 1992), dealt with prisoners' petitions to file their complaints *in forma pauperis*.[2] Petitions *in forma pauperis* are filed at the start of a case along with a tendered complaint and cause the court to examine, among other things, the merits of that complaint. In each of those cases, the court determined that the prisoner had named certain individuals who were not proper defendants, and whose residence therefore could not support venue. The circumstances of those cases are quite different from those presented here. The transfers in *Smith* and *Maxey* occurred at the complaint stage of the cases and were based on the fact that the defendants who supplied venue had not been properly named in the first place. This motion to transfer has been filed on the eve of trial, and there is no contention that Dr. Evanson and Meridian Surgical were not properly named.[3]

---

[2] A petition *in forma pauperis* is a request to file a complaint without payment of the filing fee.

[3] Dr. Halperin and Emergency Physicians do suggest that Dr. Evanson and Meridian Surgical were named in mere furtherance of what they term forum shopping, but that suggestion is hard to square with the fact that Mrs. Finley expended substantial time and other resources in pursuing those claims through the panel review process and this litigation. In any event, naming a defendant for

Dr. Halperin and Emergency Physicians' improper venue argument is flawed in another important respect. It ignores the application of subsection (d) of section 1391. Subsection (d) provides that when a state has more than one judicial district, a corporation like Emergency Physicians is deemed to reside in any district in that state within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state. In other words, Emergency Physicians is a resident of the Southern District of Indiana for purposes of section 1391(b)(1) if it has the requisite minimum contacts with the "state" of the Southern District of Indiana to support personal jurisdiction. Dr. Halperin and Emergency Physicians have not argued or demonstrated in connection with their motion that these minimum contacts are lacking; they indeed have not mentioned this provision.

For these reasons, the motion to transfer for improper venue is DENIED.

**Transfer under 28 U.S.C. § 1404(a) is not warranted.**

Section 1404(a) permits a district court, for the convenience of parties and witnesses and in the interest of justice, to transfer an action to any other district where it could have been brought. The determination is committed to the sound discretion of the trial judge. *State Farm v. Estate of Bussell*, 939 F.Supp. 646, 651 (S.D. Ind. 1996).

---

strategic reasons is a far cry from naming a defendant, like those in *Smith* and *Maxey*, against whom the complaint fails to state a non-frivolous claim.

This is not a close call. Trial is set to begin in four days. Jurors have been summoned. The court has ruled on a host of pretrial issues. Dr. Halperin and Emergency Physicians argue that the Northern District would be a more convenient forum for them and perhaps for Mrs. Finley, but they do not address the convenience of the many witnesses (including experts) who are scheduled to testify. They also assert that the citizens of the Northern District have an interest in deciding cases that affect members of their community.[4] These considerations do not outweigh the compelling circumstances that make trial as scheduled in the Southern District consonant with the interests of justice. The motion to transfer under section 1404(a) is DENIED.

So ORDERED.

Date: 02/27/2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

---

[4] Transferring this case to the Northern District of Indiana would not necessarily put this case before these defendants' "community." The Northern District crosses the entire state, and a case in that district could be filed in, for example, Lafayette, Hammond, or Fort Wayne.